UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. 5:14-1014(3) |
| | § | |
| | § | |
| v. | § | May 5, 2016 |
| | § | |
| MIKE PACE, | § | |
| | § | |
| DEFENDANT. | § | |

TRANSCRIPT OF RE-ARRAIGNMENT
BEFORE THE HONORABLE HENRY BEMPORAD
MAGISTRATE COURT JUDGE

APPEARANCES:

For the Government:      SAM L. PONDER, AUSA
                        Office of US Attorney
                        601 NW Loop 410, Suite 600
                        San Antonio, Texas 78216


For the Defendant:      DEBRA L. PARKER, ESQ.
                        111 Soledad St., Suite 300
                        San Antonio, TX 78205-2321


Produced by mechanical stenography; computer-aided
transcription

Leticia Ornelas Rangel, CSR

1                    P-R-O-C-E-E-D-I-N-G-S

2           THE COURT SECURITY OFFICER:  All rise.

3           THE COURT:  Good afternoon.  Please be seated.  I

4    have five defendants before me today for a re-arraignment and

5    guilty plea proceedings.  Three of the defendants were on the

6    same case.  That is SA:14-CR-1014.  And that is United States

7    of America v.  First, Mike Pace.

8           DEFENDANT PACE:  Yes, sir.

9           MR. SHEARER:  David Shearer standing in for Mike

10   Hardy, Your Honor, for the United States.

11          THE COURT:  On all?

12          MR. SHEARER:  On everything.

13          MS. PARKER:  Debra Parker for Mr. Pace.

14          THE COURT:  All right.  Thank you.  Mr. Pace is

15   here.  The next defendant on that case is Anita Louise

16   Genivra.

17          MR. BROWN:  She's not here.

18          THE COURT:  All right.  Mr. Brown, are you entering

19   an appearance on her behalf?

20          MR. BROWN:  Yes, Your Honor.

21          THE COURT:  All right.  And the next defendant on

22   that case is Mandy Branham.

23          MR. FLORES:  Gerardo Flores for Ms. Branham.

24          THE COURT:  All right.  Very well.  And I see Ms.

25   Branham is here.  Then we have two other cases set this

                    Leticia Ornelas Rangel, CSR

1    afternoon.  The first case is SA:16-CR-242, United States of

2    America vs. Jose Luis Martinez-Amaya.

3              MR. SHEARER:  David Shearer standing in for Judy

4    Patton on the immigration cases, Your Honor.

5              THE COURT:  All  right.

6              MR. PICKELL:  Steven Pickell, counsel for

7    Mr. Martinez.

8              THE COURT:  All right.  And I see that Mr. Martinez

9    is here as well, that Martinez-Amaya is here as well.

10             And then the last case is SA:16-CR-243.  United

11    States of America v. Bernardo Martinez-Orduna.

12             MR. SHAFFER:  Present with counsel, Your Honor,

13    George Shaffer for defendant.

14             THE COURT:  All right.

15             MR. SHAFFER:  The only thing I don't see is the

16    court interpreter.

17             THE COURT:  Ah, and he needs an interpreter?

18             MR. SHAFFER:  It would be -- it would be.

19             THE COURT:  Well, we will get one.  Okay.

20             MR. SHAFFER:  It would be best.

21             MR. PEREZ:  Adam Perez for Mr. Martinez.

22             THE COURT:  All right.  Very well.  Let's see if we

23    have one available.  It may be that the interpreter is in

24    another courtroom at this time, in which case, I will handle

25    the other three defendants and then I will handle these two.

Leticia Ornelas Rangel, CSR

1    MR. PEREZ:  If need be, Judge, I can interpret for

2  my client.

3    THE COURT:  No, that is too difficult.  I am not

4  going to ask you to do both things at once.  She is on her

5  way?  Okay.  It will just be a moment.  She is on her way.

6    In the other case, let me mention that I see that

7  Ms. Genivra and Mr. Pace and Ms. Branham are all pleading

8  guilty to superseding informations and under plea agreements;

9  is that correct?

10    MR. BROWN:  Yes, Your Honor.

11    MS. PARKER:  That's correct, Your Honor.

12    MR. FLORES:  Yes, Your Honor.

13    THE COURT:  All right.  Very well.  And,

14  Mr. Shearer and Mr. Pickell, I understand there is an agreed

15  factual basis in Mr. Martinez-Amaya's case?

16    MR. SHEARER:  Correct, Your Honor.

17    MR. PICKELL:  Yes, Your Honor.

18    THE COURT:  All right.  Very well.  All right.

19    Ladies and gentlemen, it is my understanding from

20  your attorneys that each of you has decided to plead guilty

21  to a charge against you, either in the original indictment

22  against you or in a superseding information.  It is my job to

23  make sure that your decision is knowing and voluntary, that

24  you understand the nature of the charge you are pleading

25  guilty to, and the consequences, the penalties you could face

1    by pleading guilty today.  I also have to make sure that you

2    understand your constitutional rights.  The rights that you

3    give up by pleading guilty.  And to make sure that there is a

4    factual basis for your plea.  In other words, facts that

5    would support the plea that you are entering.

6              Now, to do these things, I am going to have to ask

7    each of you some questions.  And so I am going to ask my

8    courtroom deputy to place each of you under oath at this

9    time.

10             THE COURTROOM DEPUTY:  Please raise your right

11   hand.  Do you swear or affirm the testimony which you may

12   give in the case before the Court, is the truth, the whole

13   truth, and nothing but the truth?

14             DEFENDANT BRANHAM:  Yes.

15             DEFENDANT PACE:  Yes.

16             THE INTERPRETER:  Both yes.

17             THE COURT:  All right.  Now the first thing I need

18   to ask you to do is I want to make sure that you are

19   understanding my questions and that I can understand your

20   answers.  So let me ask you this:  Whether currently you are

21   suffering from any physical ailments or taking any sort of

22   medication, have any sort of physical or mental condition or

23   under the influence of drugs or alcohol?  Anything like that

24   would make it difficult for you to understand me today?

25             I will start with you, Ms. Branham.  Any problems

1  like that, ma'am?

2          DEFENDANT BRANHAM:  No, sir.

3          THE COURT:  How about you, Mr. Pace?

4          DEFENDANT PACE:  No, sir.

5          THE COURT:  Mr. Martinez-Amaya, any problems like

6  that, sir?

7          DEFENDANT MARTINEZ-AMAYA:  No.

8          THE COURT:  And how about, Mr. Martinez-Orduna?

9          DEFENDANT MARTINEZ-ORDUNA:  No.

10          THE COURT:  All right.  And, Ms. Ginerva, any

11  problems like that, ma'am?

12          DEFENDANT GINERVA:  No, Your Honor.

13          THE COURT:  All right.  Very well.  Let me ask

14  counsel for each of the defendants whether they have any

15  doubts as to the competency of their client.

16          MR. FLORES:  No, Your Honor, as to Ms. Branham.

17          MR. PICKELL:  No, Your Honor.

18          MS. PARKER:  No, Your Honor, as to Mr. Pace.

19          MR. BROWN:  No.

20          MR. SHAFFER:  None as to Mr. Martinez-Orduna.

21          THE COURT:  All right.  Now you have been placed

22  under oath.  Each of you have to answer my questions

23  truthfully.  If you were to answer them falsely, you could be

24  prosecuted for perjury or for false statement.  So if at

25  anytime you need me to repeat a question or you need to speak

1   to your attorneys before answering a question, that is fine,

2   let me know and I will repeat the question or give you an

3   opportunity to talk to your attorneys.  Now, the first thing

4   I would like to point out to each of you, you should have a

5   copy of the indictment or information in your hands.  And if

6   you look at the top of the indictment or information, you

7   will see a case number, it is in big bold letters for Mr.

8   Martinez-Amaya and Mr. Martinez-Orduna.  And it is in smaller

9   numbers in the superseding information for the other three

10  defendants.

11          The thing I want to point to -- out about that is

12  in each of those at the end of the case number there are

13  letters.  Either O-G for Orlando-Garcia or X-R for Xavier

14  Rodriguez.  These are the district judges in your case.

15  These are the judges who will be imposing sentence in your

16  case.  You have the right to plead guilty before the district

17  judge.  Or, if you agree, you can plead guilty before me

18  today, a magistrate judge.

19          So I will start with you, Ms. Ginerva.  Do you

20  agree to plead guilty before me today?

21          DEFENDANT GINERVA:  Yes, Your Honor.

22          THE COURT:  All right.  How about you,

23  Mr. Martinez-Orduna.  Do you agree?

24          DEFENDANT MARTINEZ-ORDUNA:  Yes.

25          THE COURT:  And you, Mr. Martinez-Amaya?

1          DEFENDANT MARTINEZ-AMAYA:  Yes.

2          THE COURT:  Mr. Pace?

3          DEFENDANT PACE:  Yes.

4          THE COURT:  And, Ms. Branham?

5          DEFENDANT BRANHAM:  Yes, sir.

6          THE COURT:  All right.  Now I also want to talk to

7   each of you about the charges that are in front of us today.

8   In the cases of Ms. Ginerva and Mr. Pace and Ms. Branham,

9   each of you are being charged with a superseding information.

10  What that means is you originally had an indictment in the

11  case but the U.S Attorney has filed a superseding document.

12  Each of these cases charges one offense.  Each of these

13  informations.  That offense is conspiracy to possess with

14  intent to distribute methamphetamine.

15          And it does -- it indicates no amount in those

16  superseding informations.  Now, let me -- another thing I

17  want to point out is I have received in each of your cases a

18  waiver of your right to indictment.  So let us first talk

19  about that, then we will talk about this information.  I will

20  start with you, Ms. Ginerva.

21          You have to understand that you have a right to

22  have this case brought before a grand jury.  And before you

23  plead guilty to this superseding charge, you have a right to

24  have the grand jury consider that.  But you can waive that

25  right and go forward today.  So let me ask you, ma'am, do you

1    waive the right to indictment in this case?

2          DEFENDANT GINERVA:  I do, Your Honor.

3          THE COURT:  All right.  How about you, Mr. Pace?

4          DEFENDANT PACE:  Yes, sir.

5          THE COURT:  And you, Ms. Branham?

6          DEFENDANT BRANHAM:  Yes, sir.

7          THE COURT:  All right.  And, Ms. Ginerva, do you

8    understand the nature of the charge against you?  Possess --

9    a conspiracy to possess and to distribute methamphetamine?

10          DEFENDANT GINERVA:  I do, Sir.

11          THE COURT:  All right.  Same question for you,

12    Mr. Pace?

13          DEFENDANT PACE:  Yes, Sir.

14          THE COURT:  And you, Ms. Branham?

15          DEFENDANT BRANHAM:  Yes, Sir.

16          THE COURT:  You understand?  All right.  Now in

17    each of your cases there is a plea agreement.  The plea

18    agreement appears to be signed by you and signed by your

19    attorneys.  I will start with you, Ms. Ginerva.  Did you sign

20    that plea agreement?

21          DEFENDANT GINERVA:  I did, Your Honor.

22          THE COURT:  Did you review it with your attorney?

23          DEFENDANT GINERVA:  I did, Your Honor.

24          THE COURT:  And do you agree to it?

25          DEFENDANT GINERVA:  I do, Your Honor.

1    THE COURT:  All right.  Then, as to the charge in

2  the superseding information, conspiracy to possess

3  methamphetamine with intent to distribute, how do you plead,

4  guilty or not guilty?

5    DEFENDANT GINERVA:  I plead guilty.

6    THE COURT:  All right.  Same questions for you,

7  Mr. Pace, did you review this plea agreement with your

8  attorney?

9    DEFENDANT PACE:  Yes, sir.

10    THE COURT:  And did you sign it?

11    DEFENDANT PACE:  Yes, Sir.

12    THE COURT:  And do you agree to it?

13    DEFENDANT PACE:  Yes, Sir.

14    THE COURT:  And as to the charge of -- in the

15  superseding information against you, how do you plead, guilty

16  or not guilty?

17    DEFENDANT PACE:  Guilty.

18    THE COURT:  Same questions for you, Ms. Branham,

19  did you sign the plea agreement in this case?

20    DEFENDANT BRANHAM:  Yes.

21    THE COURT:  And did you review it with your

22  attorney?

23    DEFENDANT BRANHAM:  Yes, Sir.

24    THE COURT:  And you agree to it, ma'am?

25    DEFENDANT BRANHAM:  Yes, sir.

1        THE COURT:  Then as to the charges in the

2   superseding information, how do you plead, guilty or not

3   guilty?

4        DEFENDANT BRANHAM:  Guilty.

5        THE COURT:  All right.  Now let me turn to

6   Mr. Martinez-Amaya and Mr. Martinez-Orduna.  Gentlemen, in

7   your cases, you are charged by indictment with one crime.  It

8   is the same crime in each case, being an alien, a citizen of

9   another country, here illegally after having been deported or

10  removed and not having received permission to apply to come

11  back into the country.

12        Mr. Martinez-Orduna, did you receive a copy of the

13  indictment and discuss it with your attorney?

14        DEFENDANT MARTINEZ-ORDUNA:  Yes.

15        THE COURT:  And do you understand the nature of the

16  charge against you, sir?

17        DEFENDANT MARTINEZ-ORDUNA:  Yes.

18        THE COURT:  And to the charge of illegal reentry in

19  your case, how do you plead, guilty or not guilty?

20        DEFENDANT MARTINEZ-ORDUNA:  Guilty.

21        THE COURT:  All right.  Mr. Martinez-Amaya, same

22  question, sir.  Did you receive a copy of the indictment and

23  discuss it with your attorney?

24        DEFENDANT MARTINEZ-AMAYA:  Yes.

25        THE COURT:  And do you understand the nature of the

1    charge against you, sir?

2              DEFENDANT MARTINEZ-AMAYA:  Yes.

3              THE COURT:  Then as to the charge of the indictment

4    against you, how do you plead, guilty or not guilty?

5              DEFENDANT MARTINEZ-AMAYA:  Guilty.

6              THE COURT:  All right.  Now before I can recommend

7    to any of the -- to the district judges that any of your

8    pleas be accepted, I have to advise you as to the rights you

9    are giving up, the constitutional rights you are giving up by

10   pleading guilty today.  Each of you have the right to plead

11   not guilty.  If you pled not guilty, the government,

12   represented by the prosecutor, would be called upon to

13   present witnesses against you at trial.

14             You have a right to be represented by your attorney

15   throughout the proceedings, to cross-examine and confront any

16   witness against you, you have the right to present your own

17   witnesses in your defense, you have the right to testify in

18   your own defense.  But if you chose not to testify, you have

19   the right to remain silent, and it could not be held against

20   you, if you decided to remain silent.

21             Most importantly, each of you, ladies and

22   gentlemen, would be presumed innocent to these charges.  It

23   would be the government's burden to prove you guilty beyond a

24   reasonable doubt to a jury.

25             Ms. Ginerva, do you understand that?

1          DEFENDANT GINERVA:  Yes, Your Honor, I do.

2          THE COURT:  How about you, Mr. Martinez-Orduna, do

3    you understand, sir?

4          DEFENDANT MARTINEZ-ORDUNA:  Yes.

5          THE COURT:  And, Mr. Martinez-Amaya?

6          DEFENDANT MARTINEZ-AMAYA:  Yes.

7          THE COURT:  Mr. Pace?

8          DEFENDANT PACE:  Yes, Sir.

9          THE COURT:  And, Ms. Branham?

10         DEFENDANT BRANHAM:  Yes, sir.

11         THE COURT:  All right.  Now by pleading guilty, you

12   are giving up all these rights.  You are allowing the

13   district judge to find you guilty based solely on your own

14   statements.

15         Ms. Branham, do you understand?

16         DEFENDANT BRANHAM:  Yes, Sir.

17         THE COURT:  And how about you, Mr. Pace?

18         DEFENDANT PACE:  Yes, Sir.

19         THE COURT:  Mr. Martinez-Amaya, do you understand?

20         DEFENDANT MARTINEZ-AMAYA:  Yes.

21         THE COURT:  Mr. Martinez-Orduna?

22         DEFENDANT MARTINEZ-ORDUNA:  Yes.

23         THE COURT:  And, Ms. Ginerva?

24         DEFENDANT GINERVA:  Yes, Your Honor.

25         THE COURT:  All right.  Now I also want to talk to

1  you about the consequences you face by pleading guilty today.

2  And in the cases of Mr. Pace and Ms. Branham and Ms. Ginerva,

3  those consequences are actually set out in the plea

4  agreement.  And that page is near the end of the plea

5  agreement.  I think it is Page 11 in each of the plea

6  agreements.  Anyway, those penalties are as follows:  By your

7  plea to this charge in the superseding information, each of

8  you face up to 20 years of imprisonment, up to a

9  million-dollar fine, there is a minimum term of supervised

10  release of three years.  And the reason that is a minimum

11  term, is the federal drug statute does not set a maximum for

12  supervised release.

13          And there is also a one-hundred dollar special

14  assessment that applies in any federal felony case.  These

15  are the penalties that you face by pleading guilty today.

16          Do you understand, Ms. Ginerva?

17          DEFENDANT GINERVA:  I do, Your Honor.

18          THE COURT:  Mr. Pace, do you understand?

19          DEFENDANT PACE:  Yes, sir.

20          THE COURT:  And, Ms. Branham?

21          DEFENDANT BRANHAM:  Yes, sir.

22          THE COURT:  Now let me ask the prosecution and

23  counsel, it indicates that there is a claim for forfeiture of

24  certain assets.  I don't see that in the information.  Do you

25  have any information about that, Mr. Shearer?

1         MR. SHEARER:  I don't either, Your Honor.  I have

2    never seen that language before.  I have never seen a plea

3    agreement that looks like this before.  So, yes, it's not in

4    the indictment, and it is not in the information, it's not in

5    the plea agreement to forfeit it.

6         THE COURT:  So I don't know what that is about.

7    Any defense counsel have any comments on what the forfeiture

8    of assets they are talking about?  Is there some issue left

9    that we need to address with regard to that?  Mr. Brown or

10   Mr. Flores?

11        MR. BROWN:  My client tells me it is about

12   Mr. Stout's land, she believes.

13        DEFENDANT GINERVA:  Yes.

14        THE COURT:  Oh, so it is a -- maybe it is another

15   defendant.

16        DEFENDANT GINERVA:  It would be.

17        THE COURT:  All right.  Very well.  So we don't

18   have to go into that.  Thank you.  All right.

19        Now let me turn to Mr. Martinez-Amaya and

20   Mr. Martinez-Orduna.  For the crime in the indictment against

21   you of the illegal reentry crime, you face up to two years

22   imprisonment, up to a $250,000 fine, up to one year of

23   supervised release, and a one-hundred dollar mandatory

24   special assessment.

25        Do you understand that these are the penalties you

1    face, Mr. Martinez-Orduna?

2            DEFENDANT MARTINEZ-ORDUNA:  Yes.

3            THE COURT:  And how about you, Mr. Martinez-Amaya?

4            DEFENDANT MARTINEZ-AMAYA:  Yes.

5            THE COURT:  All right.  Now, I need to talk to each

6    of you about a couple of these penalties in a little bit more

7    detail.  First, let us talk about imprisonment.  In

8    determining the imprisonment term to impose, if to impose

9    imprisonment and so forth, the district judge has to consider

10   something called the sentencing guidelines.  Now there are a

11   set of rules that are created by the Sentencing Commission in

12   Washington, and they set up a range of punishment for each

13   defendant, based on the background of that defendant also the

14   nature of the offense they are pleading guilty to.

15           What each of you need to understand is, those

16   guidelines are advisory only.  The judge has to consider them

17   but he does not have to follow them.  He can depart from the

18   guideline for reasons that the Sentencing Commission has

19   identified or he can just reject the guidelines and impose

20   any sentence he believes to be appropriate under the

21   applicable sentencing statutes.

22           I will start with you, Ms. Ginerva.  Have you

23   discussed the guidelines with your attorney?

24           DEFENDANT GINERVA:  I have, Your Honor.

25           THE COURT:  And do you understand they are advisory

1    only?  They are not binding in your case.

2              DEFENDANT GINERVA:  Yes, Your Honor.

3              THE COURT:  All right.  Same questions for you,

4    Mr. Martinez-Orduna.  Have you discussed the guidelines with

5    your attorney?

6              DEFENDANT MARTINEZ-ORDUNA:  Yes.

7              THE COURT:  And you understand that they are

8    advisory only in your case?  They are not binding.

9              DEFENDANT MARTINEZ-ORDUNA:  Yes.

10             THE COURT:  Mr. Martinez-Amaya, same questions for

11   you, sir.  Did you discuss the guidelines with your attorney?

12             DEFENDANT MARTINEZ-AMAYA:  Yes.

13             THE COURT:  And you understand they are advisory

14   only in your case?

15             DEFENDANT MARTINEZ-AMAYA:  Yes.

16             THE COURT:  All right.  Mr. Pace, same questions

17   for you, sir.  Did you discuss the guidelines with your

18   attorney?

19             DEFENDANT PACE:  Yes, sir.  Yes.

20             THE COURT:  And you understand they are advisory

21   only?

22             DEFENDANT PACE:  Yes, Sir.

23             THE COURT:  And, Ms. Branham, same questions.

24             DEFENDANT BRANHAM:  Yes, Sir.

25             THE COURT:  As to both questions?

1        DEFENDANT BRANHAM:  Yes, sir.

2        THE COURT:  All right.  Thank you, very much.  Now

3   I also wanted to speak to you about supervised release.

4   There is no parole in the federal system.  If imprisonment is

5   imposed, that is the time you are going to do.  There is only

6   a small amount off for good time.  But there is supervised

7   release.  It is like parole.  You are released on conditions.

8   You have to follow those conditions.  If you fail to follow

9   the conditions, you can have your release revoked and go back

10  to prison without credit for the time you had on release.

11       Ms. Ginerva, do you understand?

12       DEFENDANT GINERVA:  I do, Your Honor.

13       THE COURT:  Mr. Martinez-Orduna, do you understand

14  this, sir?

15       DEFENDANT MARTINEZ-ORDUNA:  Yes.

16       THE COURT:  Mr. Martinez-Amaya?

17       DEFENDANT MARTINEZ-AMAYA:  Yes.

18       THE COURT:  Mr. Pace?

19       DEFENDANT PACE:  Yes, sir.

20       THE COURT:  And, Ms. Branham?

21       DEFENDANT BRANHAM:  Yes, sir.

22       THE COURT:  All right.  Let me ask you,

23  Ms. Branham, are you a citizen of the United States?

24       DEFENDANT BRANHAM:  Yes, sir.

25       THE COURT:  How about you, Mr. Pace?

1          DEFENDANT PACE:  Yes, Sir?

2          THE COURT:  Ms. Ginerva, are you a citizen of the

3    United States?

4          DEFENDANT GINERVA:  Yes, I am, Your Honor.

5          THE COURT:  All right.  Then I need to talk to

6    Mr. Martinez-Amaya and Mr. Martinez-Orduna about one other

7    matter.  Gentlemen, you are charged with being aliens,

8    citizens of other countries, here illegally after having been

9    deported.  You have to assume as a result of your plea today

10   that you will be deported and that you will not be allowed

11   back into the country by admission, that you be excluded from

12   this country, and you will not be able to naturalize as a

13   citizen of the United States.

14          Let me start with you, Mr. Martinez-Amaya, have you

15   discussed the immigration consequences of your plea with your

16   attorney?

17          DEFENDANT MARTINEZ-AMAYA:  Yes.

18          THE COURT:  How about you, Mr. Martinez-Orduna?

19          DEFENDANT MARTINEZ-ORDUNA:  Yes.

20          THE COURT:  All right.  Now for all of you, knowing

21   all the consequences I have mentioned, do you still want to

22   plead guilty?

23          Ms. Branham?

24          DEFENDANT BRANHAM:  Yes, sir.

25          THE COURT:  Mr. Pace?

1          DEFENDANT PACE:  Yes, sir.

2          THE COURT:  Mr. Martinez-Amaya?

3          DEFENDANT MARTINEZ-AMAYA:  Yes.

4          THE COURT:  Mr. Martinez-Orduna?

5          DEFENDANT MARTINEZ-ORDUNA:  Yes.

6          THE COURT:  And, Ms. Ginerva?

7          DEFENDANT GINERVA:  Yes, I do, Your Honor.

8          THE COURT:  All right.  Now I need to take up some

9    additional matters with Ms. Ginerva, Mr. Pace, and

10   Ms. Branham because there's plea agreements in your cases.

11   And in those plea agreements you have agreed to do some

12   things and the government has agreed to do some things.  Now

13   one of the things the government has agreed to do is dismiss

14   the original indictment against you.  And if they don't

15   dismiss the original indictment against you, you will have a

16   right to withdraw your plea.  All right?  However, there is a

17   couple of other things I want to talk to you about.  One is

18   in these plea agreements, each of you has waived the right to

19   appeal your sentence.

20          Now that goes back to the guidelines and the other

21   matters I mentioned.  You might disagree with the way the

22   judge calculates the guidelines or you might disagree with

23   the sentence the judge ultimately chooses to impose.

24   Normally, you would have a right to appeal that.  But in

25   exchange for the concessions of the government, the dismissal

1    of the original indictment and the filing of this

2    information, you are giving up that right to appeal in this

3    case.

4                Ms. Branham, do you understand?

5                DEFENDANT BRANHAM:  Yes, sir.

6                THE COURT:  Mr. Pace, do you understand?

7                DEFENDANT PACE:  Yes, sir.

8                THE COURT:  And, Ms. Ginerva, do you understand?

9                DEFENDANT GINERVA:  Yes, Your Honor, I do.

10               THE COURT:  All right.  Now in addition to

11   dismissing that original indictment, the government has also

12   agreed to recommend a guideline reduction for you for

13   acceptance of responsibility.  Now that will lower your

14   guideline range.  On that matter, I need to remind you, you

15   know, the ultimate sentencing decision, that is up to the

16   district judge.  And even if he rejects the recommendation or

17   the non-opposition to a recommendation of the prosecutor, you

18   can't withdraw your plea.  That is up to the judge.

19               Do you understand, Ms. Ginerva?

20               DEFENDANT GINERVA:  I do, sir.

21               THE COURT:  Mr. Pace, do you understand?

22               DEFENDANT PACE:  Yes, sir.

23               THE COURT:  And how about you, Ms. Branham?

24               DEFENDANT BRANHAM:  Yes.

25               THE COURT:  All right.  Let me ask each of you

1   this:  Besides the promises and predictions in the plea

2   agreement, has anybody made any promise to you or any

3   prediction to you as to what your sentence will be?

4           Ms. Ginerva?

5           DEFENDANT GINERVA:  No, Your Honor.

6           THE COURT:  Mr. Pace?

7           DEFENDANT PACE:  No, Sir.

8           THE COURT:  Ms. Branham?

9           DEFENDANT BRANHAM:  No, Sir.

10          THE COURT:  All right.  Has anyone -- let me ask

11  Mr. Martinez-Amaya and Mr. Martinez-Orduna this matter as

12  well.  Gentlemen, has anyone made any prediction to you or

13  any promise to you as to what your sentence will be?

14          Mr. Martinez-Amaya?

15          DEFENDANT MARTINEZ-AMAYA:  No.

16          THE COURT:  How about you, Mr. Martinez-Orduna?

17          DEFENDANT MARTINEZ-ORDUNA:  No.

18          THE COURT:  All right.  And for all five of the

19  defendants, it is very important for me to understand, has

20  anyone forced you, or threatened you, or coerced you in any

21  way into pleading guilty?

22          Ms. Ginerva?

23          DEFENDANT GINERVA:  No, Your Honor.

24          THE COURT:  Mr. Martinez-Orduna, has anyone forced

25  you or threated you into pleading guilty?

Leticia Ornelas Rangel, CSR

1           DEFENDANT MARTINEZ-ORDUNA:  No.

2           THE COURT:  Mr. Martinez-Amaya?

3           DEFENDANT MARTINEZ-AMAYA:  No.

4           THE COURT:  Mr. Pace?

5           DEFENDANT PACE:  No, sir.

6           THE COURT:  And, Ms. Branham?

7           DEFENDANT BRANHAM:  No, Sir.

8           THE COURT:  All right.  Now the last thing I need

9    to determine is whether there is a factual basis to support

10   each of your pleas, whether there are facts that will support

11   the plea that you are entering.  And, actually, in these plea

12   agreements that have been filed in Ms. Ginerva's case,

13   Mr. Pace's case, and Ms. Branham's case, there is a factual

14   basis, a rather lengthy factual basis set out in the plea

15   agreement.

16           Let me ask you -- I will start with you,

17   Ms. Ginerva, have you reviewed the facts having to do with

18   you in this plea agreement?

19           DEFENDANT GINERVA:  Yes, Your Honor, I have.

20           THE COURT:  All right.  And do you agree with these

21   facts, ma'am?

22           DEFENDANT GINERVA:  Yes, Your Honor, I do.

23           THE COURT:  All right.  And you understand that --

24   I think I marked it, let me see here.  It's at Pages ten and

25   eleven, but then also at the end it indicates that in this

1  factual basis that you are accountable for between 16 and 32

2  ounces of ice.  Do you understand that ma'am?

3             DEFENDANT GINERVA:  Yes, Your Honor, I do.

4             THE COURT:  All right.  Very well.  Same sort of

5  questions for you, Mr. Pace?  Did you review the facts about

6  you in this plea agreement?

7             DEFENDANT PACE:  Yes, Sir.

8             THE COURT:  And do you agree with those facts, sir?

9             DEFENDANT PACE:  Yes, Sir.

10            THE COURT:  And you understand that it is alleging

11 that your role was in -- six to seven ounces of ice?  Do you

12 understand?

13            DEFENDANT PACE:  Yes, Sir.

14            THE COURT:  All right.  Ms. Branham, same questions

15 for you, ma'am.  Did you review the facts about you in the

16 plea agreement?

17            DEFENDANT BRANHAM:  Yes, sir.

18            THE COURT:  And do you agree with those facts?

19            DEFENDANT BRANHAM:  Yes, Sir.

20            THE COURT:  And you understand that the amount

21 alleged as to you -- I am going to look right now, is about

22 40 ounces of ice.  Do you understand that?

23            DEFENDANT BRANHAM:  Yes.

24            THE COURT:  All right.  Very well.  Now let me turn

25 to Mr. Martinez-Amaya.  Mr. Martinez-Amaya, in your case

1  there is a brief factual basis that has been filed.  It has

2  been signed by you and your attorney and the attorney for the

3  government.  Let me ask you, sir, did you review the factual

4  basis with your attorney?

5              DEFENDANT MARTINEZ-AMAYA:  Yes.

6              THE COURT:  And do you agree to the facts, sir?

7              DEFENDANT MARTINEZ-AMAYA:  Yes.

8              THE COURT:  All right.  Now if I can have a factual

9  basis in the case of -- the remaining case,

10  Mr. Martinez-Orduna.

11              MR. SHEARER:  Your Honor, we proffer that Bernardo

12  Martinez-Orduna is an alien, citizen of Mexico and not a

13  citizen of the United States.  On or about October 27, 2015,

14  federal agents found him at the Gonzales County Jail within

15  the Western District of Texas.  On October 10, 2008, the

16  defendant was removed to Mexico from Laredo Texas.

17              As evidenced by a warrant of removal, there is his

18  fingerprints, photograph.  A review of official government

19  records reveals the defendant did not receive consent from

20  the Attorney General or the Secretary of Homeland Security to

21  reapply for admission to the United States after his removal

22  or deportation.

23              THE COURT:  All right.  Thank you, Mr. Shearer.

24              Mr. Martinez-Orduna, these are the facts the

25  government believes they could prove in your case beyond a

1    reasonable doubt, if it went to trial.  Do you agree with

2    these facts, sir?

3            DEFENDANT MARTINEZ-ORDUNA:  Yes.

4            THE COURT:  Mr. Shaffer, did you have any comments

5    as to the facts, sir?

6            MR. SHAFFER:  No, Your Honor, I wanted to inform

7    the court that I am familiar with the proposed factual basis,

8    and we agree that it is accurate.

9            THE COURT:  All right.  Very well.  Thank you, sir.

10   All right, let me then ask, Ms. Ginerva, any questions about

11   anything we have done today?

12           DEFENDANT GINERVA:  No, Your Honor.

13           THE COURT:  Mr. Martinez-Orduna, any questions,

14   sir?

15           DEFENDANT MARTINEZ-ORDUNA:  With all due respect, I

16   would like to ask a question.

17           THE COURT:  Of course, sir.

18           DEFENDANT MARTINEZ-ORDUNA:  Well, I would like to

19   ask for a bond or something so that I can stay here because

20   my son, I have my son who is sick and I wanted to be able to

21   stay.

22           THE COURT:  All right, sir.  I see that your

23   attorney is standing up as well.  Mr. Shaffer, did you--

24           MR. SHAFFER:  If I might amplify a little bit, Your

25   Honor.

1          THE COURT:  Please go ahead.

2          MR. SHAFFER:  This defendant has a U.S Citizen son,

3   a six years old named Giovanne who is suffering from

4   Leukemia.

5          THE COURT:  All right.

6          MR. SHAFFER:  The defendant was living in Gonzales

7   with the child and the mother.  The child receives treatment

8   in Austin Texas, Your Honor.  The mother does not drive.

9          THE COURT:  I see.

10          MR. SHAFFER:  The defendant was the primary means

11   of making the child available to medical providers for

12   treatment.  I have explained to him that immigration will

13   make its independent determination about his ability to

14   remain in this country or removal.  Indeed, I have painted

15   the bleakest picture and indicated that it is my belief that

16   he will be removed once the court imposes the sentence and

17   that sentence is satisfied.  However, I would be remiss if I

18   didn't at least tell the court what his concern is.  It is a

19   valid concern.  In my mind, it merely rises to a level of a

20   necessity defense, but even if the court were to find that

21   necessity existed for him to be here, immigration has ahold

22   of him and that is not within the court's -- anyway.

23          THE COURT:  All right.

24          MR. SHEARER:  I wanted you to be aware, Judge.  It

25   is a very, very difficult, sad situation.  I understand what

 1    he is asking, although, I don't feel that there is any

 2    vehicle that Your Honor has to give him any relief.

 3          THE COURT:  All right.  Thank you, Mr. Shaffer.

 4          And, Mr. Martinez-Orduna, thank you for bringing

 5    this to my attention.  Let me mention to you, sir, that you

 6    are coming up for -- I am about to tell you when, you are

 7    coming up for a sentencing hearing in the very near future.

 8    And at that time, I would urge your attorney and you to

 9    explain these circumstances to Judge Rodriguez, who will be

10    deciding your sentence this month.  So he will be able to

11    hear you this month on this matter.  If Mr. Shaffer can find

12    anything that can be of a benefit for you or that Judge

13    Rodriguez can, that is something that I think is worth

14    raising because it is an issue.  It may not raise to the

15    right level of the necessity defense in this case, and in

16    fact you have plead guilty.  But it is a very important, what

17    we call a mitigating circumstance that might explain to the

18    judge why you were here and may affect your sentence.  So I

19    will urge you to raise this with the district judge who will

20    be imposing sentence.  I will mention to you, sir, that your

21    sentencing hearing is set for May 31st, later this week --

22    this month.  And so you will need to discuss this matter with

23    the judge as will your attorney in about three weeks.

24          Do you understand, sir?

25          DEFENDANT MARTINEZ-ORDUNA:  Yes.

1    THE COURT:  All right.  Very well.  Now, I do want

2  to talk to everyone about sentencing in a little bit more

3  detail.  Ms -- but let me make the findings before I get into

4  those talks about sentencing.  I am going to make the

5  following findings:  Each of the defendants is competent to

6  stand trial.  Each of the defendants has consented to plea

7  guilty before me, a magistrate judge.  I will find that each

8  of the defendants understands the nature of the charge they

9  are pleading guilty to and the penalties they face by

10  pleading guilty.

11    I am going to find that each of the defendants

12  understands their constitutional and statutory rights and

13  they decided to waive those rights.  That each of the

14  defendants' pleas is freely, knowingly, and voluntarily made,

15  and that there is a factual basis to support the plea.

16    Let me ask you, Mr. Martinez-Amaya, did you have

17  any questions at time, sir?

18    DEFENDANT MARTINEZ-AMAYA:  No.

19    THE COURT:  Mr. Pace, any questions at this time?

20    DEFENDANT PACE:  No, Sir.

21    THE COURT:  And, Ms. Branham, any questions at this

22  time?

23    DEFENDANT BRANHAM:  No, sir.

24    THE COURT:  All right.  Now I want to talk to each

25  of you very briefly about sentencing.  Sentencing in the

1  cases of Mr. Pace and Ms. Ginerva are set for August 4th at

2  9:30 in the morning.  Ms. Branham, yours is August 18 at 9:30

3  in the morning.  Now.

4          In each of your cases, in advance of the sentencing

5  hearing, the probation officer is going to create something

6  called a presentence report.

7          That is a report with information about you, your

8  background, the nature of the offense.  It will also have

9  information about the guidelines that I mentioned.  As part

10  of creating that report, the probation officer will probably

11  want to interview each of you.  Now you have a right to have

12  your attorney present for the interview.  You can disagree or

13  object to anything that you disagree with in the report.

14          You will have a right to comment on the report at

15  sentencing.  And each of you will have the right to speak to

16  the judge before sentence is imposed.

17          Now let me turn to the cases of Mr. Martinez-Amaya

18  and Mr. Martinez-Orduna.  Gentlemen, in your cases, the

19  probation officer will create a modified presentence report.

20  It does not require an interview of you, and so that means

21  your sentencings will be earlier.

22          So, Mr. Martinez-Orduna, your sentencing as I

23  mentioned is set for May 31st.  Mr. Martinez-Amaya, yours is

24  for May 19th.  Now in each of your cases, again, you will

25  have a right to object to anything that you disagree with in

1    the report.  Each of you have the right to comment on the

2    report at sentencing.  And I want to repeat, that each of you

3    have the right to speak to the judge before sentence is

4    imposed.

5              And I would urge you to do that,

6    Mr. Martinez-Orduna, given the circumstances that you wanted

7    to present to me today.  All right?

8              DEFENDANT MARTINEZ-ORDUNA:  Yes.

9              THE COURT:  All right.  Now the last thing I want

10   to go over is with Ms. Ginerva.  Ms. Ginerva, I see that you

11   are on bond at this time.  And I received a bond status

12   report from the Pretrial Services Office which indicates

13   you're meeting so far the conditions of release in this case.

14   So it is my intention to allow you to remain on bond, unless

15   there is some objection from the government.

16             MR. SHEARER:  No, Your Honor.

17             THE COURT:  All right.  Very Well.  Ms. Ginerva, I

18   am going to allow you to remain on bond on the exact same

19   conditions that you have been on up to now.  I will remind

20   you not to violate the conditions of bond.  One of the worst

21   things you can do, as your attorney will tell you, is to

22   violate bond right before sentencing in your case.

23             Anything further in Ms. Ginerva's case?

24             MR. BROWN:  No, Your Honor.

25             DEFENDANT GINERVA:  Thank you, Your Honor.

1          MR. SHEARER:  Nothing from the government, Your

2   Honor.

3          THE COURT:  All right.  For, how about for

4   Ms. Branham?

5          MR. FLORES:  No, Your Honor.

6          THE COURT:  All right.  For Ms -- Mr. Pace, rather?

7          MS. PARKER:  No, Your Honor.

8          THE COURT:  All right.  And for Mr. Martinez-Amaya?

9          MR. PICKELL:  No, Your Honor.

10          THE COURT:  And for Mr. Martinez-Orduna?  Anything

11   further, Mr. Shaffer?

12          MR. SHEARER:  Nothing else, Your Honor.

13          THE COURT:  All right.  That concludes the

14   re-arraignment and guilty plea proceedings in each of these

15   cases.  We will be in recess at this time.

16          THE COURT SECURITY OFFICER:  All rise.

17          (Adjournment.)

18

19

20

21

22

23

24

25

1  UNITED STATES DISTRICT COURT  )

2  WESTERN DISTRICT OF TEXAS     )

3        I certify that the foregoing is a correct

4  transcript from the FTR RECORDING of proceedings in the

5  above-entitled matter.  I further certify that the transcript

6  fees and format comply with those prescribed by the Court and

7  the Judicial Conference of the United States.

8  Date signed:   December 29, 2016.

9

10

11                          /s/  Leticia Ornelas Rangel
                           **LETICIA O. RANGEL**
12                          United States Court Reporter
                           655 East Cesar E. Chavez Blvd.,
13                          Room 319A
                           San Antonio, Texas 78206
14                          (210) 244-5039

15

16

17

18

19

20

21

22

23

24

25

                          Leticia Ornelas Rangel, CSR